**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CARL WILLIAMS,
ADC #800078                                                                                                    PLAINTIFF

V.                                           5:13CV00260-SWW-JTK

RAY HOBBS, et al.                                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

**I.      Introduction**

Plaintiff Williams, a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against Defendants, challenging the disciplinary appeals process with respect to a conviction he received in September, 2011. Pursuant to the Court's September 11, 2013 Order (Doc. No. 4), Plaintiff submitted an Amended Complaint to clarify his allegations against the four named Defendants (Doc. No. 5). Plaintiff requests monetary and injunctive relief.

**II.     Screening**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992).

### III.   Analysis

Plaintiff complains that he and another inmate were charged with disciplinary violations as a result of an altercation in September, 2011, and that after he appealed his conviction, he discovered that the charges filed against the other inmate were allowed to expire. Plaintiff states that as a result of his conviction, he was denied parole by the California parole board. He states that Defendants should have notified him that the charges against the other inmate expired, because he would have called the other inmate as a witness in his disciplinary hearing to show that the other inmate provoked the altercation.

To the extent that Plaintiff is attacking the validity of his confinement based on his disciplinary conviction, his claim is properly pursued only through a habeas corpus action after exhausting state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 491-2 (1973). In addition, to the extent that Plaintiff seeks damages based on an alleged due process violation, the Court finds that he does not show the existence of a liberty interest. See Sandin v. Conner, 515 U.S. 472, 484-85

(1995). First, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Next, Plaintiff does not allege that Defendants denied him due process during his disciplinary hearing. He admits that he was present at the hearing and was given an opportunity to speak in his defense. (Doc. No. 5, p.8). He does not claim that a request for an inmate witness was denied; rather, he states that had he known of the expiration of the other inmate's disciplinary charge, he would have him to testify. (Id., pp. 9-10.) He also specifically states in his amended complaint that his focus is on the appeals process, and whether Defendants should have permitted reconsideration of his appeal based on the "new discovery" that Plaintiff was not notified that the charges against the other inmate were allowed to expire. (Id., p. 10.) Finally, Plaintiff does not allege that he was subjected to atypical and significant hardships in relation to the ordinary incidents of prison life, as set forth in Sandin v. Conner, 515 U.S. 472, 487 (1995). Any liberty interest a prisoner has must be in the *nature* of his confinement, and not in the *procedures* used to determine his confinement. See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (emphasis added). However, in this case, Plaintiff's allegation that he was not provided the information about the expired disciplinary charge fails to identify a liberty interest protected by the Fourteenth Amendment.

Therefore, the Court finds that Plaintiff does not allege the existence of a liberty interest in the reconsideration of his disciplinary appeal. In addition, even if such an interest were present, his allegations do not support a finding that Defendants violated his due process rights.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

4

1.   Plaintiff's complaint against Defendants be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

2.   This dismissal be considered a "strike" within the meaning of 28 U.S.C. § 1915(g).[1]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith.

IT IS SO ORDERED this 11th day of October, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."